```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DANIEL SHAW                          :    CIVIL ACTION
                                     :    NO. 20-517
          v.                         :
                                     :
ANDREW M. SAUL,                      :
COMMISSIONER OF SOCIAL SECURITY      :
```

**O R D E R**

**AND NOW**, this **24th** day of **March, 2021**, it is hereby

**ORDERED** that:

(1)   Plaintiff's objections (ECF No. 20) are **OVERRULED**;[1]

---

[1]   The Court has carefully considered Plaintiff's objections to Magistrate Judge Marilyn Heffley's Report and Recommendation ("R&R"). There is no need to repeat the history or facts of the case as Judge Heffley's R&R adequately relays that information.

Plaintiff's objections are essentially a restatement of the arguments made in his initial brief. However, layered onto these arguments, Plaintiff additionally claims that Judge Heffley erroneously failed to find that the ALJ did not adequately explain her findings or how she considered the evidence.

Plaintiff's true complaint is against the deferential standard of review under which the Court is "limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's finding of fact." Schwartz v. Halter, 134 F. Supp. 2d 640, 647 (E.D. Pa. 2001) (citing Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999)). Indeed, in the conclusion of his initial brief, Plaintiff asserts that there is "[s]ubstantial evidence showing that Plaintiff is disabled . . . ." ECF No. 15 at 27. This may well be true, but as long as the ALJ has not

---

misapplied the law and substantial evidence supports the ALJ's decision (simply meaning enough "evidence as a reasonable mind might accept as adequate to support a conclusion"), the Court must affirm the ALJ's decision. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

  Plaintiff's arguments rest less on the assertion that substantial evidence does not support the ALJ's decision than on the assertion that the ALJ legally erred by not documenting a more thorough analysis of the evidence at the various steps of the sequential analysis. The Court acknowledges that the ALJ must provide sufficient reasoning for his or her conclusions so that the decision is capable of "meaningful judicial review." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 119 (3d Cir. 2000). However, the level of detail and explanation sought by Plaintiff is well beyond the legal requirements. As discussed below, the Court concludes that "the ALJ's decision, read as a whole," provides the legally required amount of explanation. Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004) ("Burnett does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis. Rather, the function of Burnett is to ensure that there is sufficient development of the record and explanation of findings to permit meaningful review.")

  Reviewing the objections de novo, the Court concludes that Judge Heffley has correctly and sufficiently addressed Plaintiff's arguments and, thus, adopts her R&R and overrules the objections. Cont'l Cas. Co. v. Dominick D'Andrea, Inc., 150 F.3d 245, 250 (3d Cir. 1998) ("The district court must [ ] review de novo the parts of the magistrate judge's report and recommendation to which a party objects."). Additionally, the Court reaches the following specific conclusions regarding Plaintiff's objections:

 1. Plaintiff first argues that the ALJ failed to adequately address the documents related to his previous claims for disability. Plaintiff contends that in denying benefits, the ALJ should have explicitly addressed whether his conditions had improved since he had been awarded benefits in the past. Judge Heffley fully addressed this argument in the R&R and the Court agrees with and adopts her reasoning. See ECF No. 19 at 6-10. As discussed by Judge Heffley, the ALJ adequately addressed the

evidence from Plaintiff's previous claims and reasonably explained how the evidence factored into the ALJ's analysis. Moreover, while explicitly addressing whether Plaintiff had improved may have been helpful, it was not required since this is not a benefits cessation case. Id. at 9-10.

   2.   Plaintiff next argues that the ALJ was required to, but did not, sufficiently explain her finding that Plaintiff's combined mental and physical impairments did not meet or equal a listing. Judge Heffley adequately addressed this argument and the Court adopts her reasoning. ECF No. 19 at 20-22. Contrary to Plaintiff's contention, reading the decision as a whole, the ALJ sufficiently explained why Plaintiff's impairments did not meet or equal a listing by discussing in detail the medical evidence and explaining what evidence supported her conclusions and why. See R. 394-404. The Court also agrees with Judge Heffley that Lester v. Chater, 81 F.3d 821 (9th Cir. 1995) (cited by Plaintiff in support of his argument that moderate limitations due to mental impairments become severe limitations when factoring in any additional physical impairments) is distinguishable because in that case, the plaintiff's mental and physical impairments were "inextricably linked." ECF No. 19 at 21 (quoting Lester, 81 F.3d at 829-30). As explained by Judge Heffley, "there is 'no reason not to believe'" that the ALJ considered Plaintiff's impairments singly and in combination. Id. at 21 (quoting Morrison ex rel. Morrison v. Comm'r of Soc. Sec., 268 F. App'x 186, 189 (3d Cir. 2008)).

   3.   Plaintiff also argues that the ALJ failed to adequately explain the residual functional capacity ("RFC") assigned to Plaintiff. Judge Heffley adequately addressed this argument as well, and the Court adopts her reasoning. ECF No. 19 at 22-26. Again, reading the decision as a whole, the Court concludes that the ALJ, in considering the evidence, provided an adequate explanation for the RFC assessment by addressing the evidence and explaining why it supported the RFC. See Id. at 23 (providing that "courts have a 'responsibility to "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned"'") (quoting Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs., 730 F.3d 291, 305 (3d Cir. 2013)); R. 394-404.

   4.   Plaintiff further contends that the ALJ erred by failing to sufficiently explain her evaluation of Physician

3

(2) The Court **APPROVES** and **ADOPTS** Magistrate Judge

---

Assistant Jamie Hamid. Judge Heffley adequately addressed this argument and the Court adopts her reasoning. ECF No. 19 at 26-28. While the ALJ did misspeak in concluding that the impairments listed by Hamid were not supported, as discussed by Judge Heffley, substantial evidence supports the ALJ's conclusion that Hamid's opinion was worthy of little weight and that, taking into consideration the ALJ's analysis throughout her decision, the Court can deduce why the ALJ reached that conclusion. Id. at 26-27. As a result, any error from this misstatement is harmless. Id. at 27 (citing Shinseki v. Sanders, 556 U.S. 396, 409 (2009) ("the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination")).

5. Plaintiff next contends that the ALJ failed to reasonable address the statements of his brother. Again, Judge Heffley has adequately addressed this argument and the Court agrees with and adopts her reasoning. ECF No. 19 at 30-31. As stated by Judge Heffley, the ALJ's decision shows that she considered the brother's statements and explained why she gave them some weight, specifically noting that the brother expressed that, while Plaintiff has right side weakness and does not handle stress well, he is able to do a variety of normal life activities. R. 402. The Court concludes that the ALJ's discussion of the evidence provides sufficient explanation for why she assigned the brother's statements "some weight." Id.; see R. 394-404.

6. Finally, Plaintiff argues that the ALJ erred by failing to elicit testimony from the vocational expert ("VE") regarding the number of jobs available regionally and not just nationally. The Court agrees with and adopts Judge Heffley's analysis of this issue. ECF No. 19 at 32. Plaintiff's "focus upon regional jobs is misplaced," "the question is whether there is work in the national economy that she can do." Thomas v. Saul, Civ. No. 18-1202, 2019 WL 3843047, at *4 (W.D. Pa. Aug. 15, 2019) (quoting Brininger v. Berryhill, Civ. No. 16-903, 2017 WL 3634187, *13 (M.D. Pa. Aug. 7, 2017) and citing Raymond v. Astrue, 621 F.3d 1269, 1274 (10th Cir. 2009)). In that the ALJ elicited testimony about the number of available jobs nationally, she did not commit a reversable error.

4

Marilyn Heffley's Report and Recommendation (ECF No. 19);

  (3) Plaintiff's request for review (ECF No. 15) is **DENIED;** and

  (4) The Clerk of Court shall mark this case as **CLOSED.**

  **AND IT IS SO ORDERED.**

        */s/ Eduardo C. Robreno*
        **EDUARDO C. ROBRENO, J.**